[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14704
Non-Argument Calendar
_____

Agency No. A206-413-511

JORGE HUMBERTO MENDEZ-GONZALEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 17, 2017)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Jorge Humberto Mendez-Gonzalez, a native and citizen of Mexico, petitions for review of an order that expedited his removal from the United States as an alien convicted of an aggravated felony. *See* 8 U.S.C. §§ 1228(b), 1227(a)(2)(A)(iii). Mendez-Gonzalez argues that his prior conviction is not an aggravated felony and that the Department of Homeland Security violated his right to due process during his expedited removal proceedings. We dismiss in part and deny in part Mendez-Gonzalez's petition.

We lack jurisdiction to review the finding that Mendez-Gonzalez's prior conviction is an aggravated felony. Mendez-Gonzalez concedes that he never contested the classification of his prior conviction as an aggravated felony, although his notice of removal stated that he had ten days to respond and could obtain an extension of time for good cause. "[A]bsent a cognizable excuse or exception," we "lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies." *Amaya–Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). We dismiss this part of Mendez-Gonzalez's petition.

The Department did not violate Mendez-Gonzalez's right to due process. To establish a violation of due process, an alien must prove that he was deprived of liberty without notice or an opportunity to respond and that he was substantially prejudiced by the alleged error. *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1299

2

(11th Cir. 2015). Mendez-Gonzalez argues that he could not challenge the notice of removal because it was written in and explained to him in English, but we presume that the Department complied with a regulation requiring it to "provide . . . a written translation . . . or explain the contents of the Notice of Intent . . . in a language that the alien understands," 8 C.F.R. § 238.1(b)(2)(v). The record contains no evidence that Mendez-Gonzalez requested an interpreter, despite having received such assistance in two criminal proceedings. We deny this part of Mendez-Gonzalez's petition.

**PETITION DISMISSED IN PART, DENIED IN PART.**